**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RAFAEL DELGADO, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No.    05 C 7176 |
| CITY OF CHICAGO, ILLINOIS, CHICAGO ) | |
| POLICE OFFICER RON NORWAY, CHICAGO ) | |
| POLICE OFFICER MICHAEL PARKER, and ) | Judge MANNING |
| ONE UNKOWN CHICAGO POLICE OFFICER ) | |
| ) | |
| ) | |
| Defendants. ) | |

**AMENDED COMPLAINT AND JURY DEMAND**

RAFAEL DELGADO, plaintiff, by and through his attorney, JEFFREY B. GRANICH, complains of defendants CITY OF CHICAGO, ILLINOIS, CHICAGO POLICE OFFICER RON NORWAY, CHICAGO POLICE  OFFICER MICHAEL PARKER, and ONE UNKOWN CHICAGO POLICE OFFICER, and states as follows:

**Jurisdiction**

1. This complaint alleges violations of the plaintiff's rights under the fourth and fourteenth amendments to the United States Constitution and title 42, United States Code §1983; therefore jurisdiction of this court is invoked pursuant to title 28, United States Code §1331.

2. This complaint alleges violations of plaintiff's rights under state law and jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28 United States Code §1367.

1

**Parties**

3. At all times relevant hereto, the plaintiff was a 19-year-old Hispanic resident of Franklin Park, Illinois.

4. At all times relevant hereto, the defendant officers, Michael Parker ("Parker"), Ron Norway ("Norway") and one male, black individual whose name is currently not known to plaintiff, were police officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

5. Defendant City of Chicago is a municipal corporation existing under the laws of Illinois.

**Venue**

6. The violations alleged herein occurred in the Northern District of Illinois; therefore venue is proper in this district pursuant to title 28, United States Code §1391.

**Factual Allegations**

7. On the evening of August 3, 2005, at approximately 1:00PM, plaintiff Rafael Delgado was driving to his friend, Noe Semintal's house, 2438 Westbrook Dr., Franklin Park, Illinois with two other people. At this time plaintiff Delgado was acting in full conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the city of Chicago.

8. When the plaintiff arrived at his friend's home, he, the passengers of his car, and three friends convened in the front yard.

9. At this time, six marked and unmarked Chicago Police vehicles assembled outside Semintal's home. Approximately 8 defendant officers exited the vehicles and pointed guns in the plaintiff's direction.

10. The defendant officers ordered everyone to put their hands up and lie on the ground. The plaintiff and his friends complied.

11. At this time, one of the defendant officers grabbed the plaintiff and pulled him inside the house and into a bedroom where defendant officer Norway was waiting. The plaintiff informed the defendant officers that he did not live at this address and the officers responded by beating him about the head and body with excessive and unnecessary force and calling him a "Gangbanging motherfucker."

12. After one minute, the defendant officers pulled the plaintiff off of the bed and said "Now you've learned your lesson," and punched him in the head again.

13. The defendant officers then threw the plaintiff in the corner of the room and told him to clean up his blood with a towel.

14. At this time the defendant officers grabbed the plaintiff, illegally searched him and put him in handcuffs, and led him outside where his friends were still lying on the ground.

15. Defendant officer Parker, who had not been in the bedroom with the plaintiff, taunted the plaintiff saying, "Let me take a picture of that pumpkin head," and took a picture of the plaintiff with a cellular phone camera.[1]

16. The defendant officers then took off everyone's handcuffs and threatened the plaintiff with further violence if anyone were to get off the ground before all of

---

[1] "Pumpkin head" is a slang term referring to one's head swollen in such a way that it resembles a pumpkin.

3

the officers were gone. No arrest of the defendant or anyone else present at the scene was made.

17. The defendant officers, acting under color of law by virtue of their positions as Chicago Police Officers, in violation of the plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution wrongfully and unreasonably seized, battered, searched, and arrested plaintiff Delgado.

### Count I—42 U.S.C. §1983

18. Plaintiff Delgado re-alleges paragraphs 1 through 17 as if fully repleaded herein.

19. On August 3, 2005, the defendant officers arrested the plaintiff without a warrant and without probable cause. This arrest was in violation of the plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

20. The defendants used excessive physical force against the plaintiff and unlawfully and maliciously arrested him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

21. During the arrest of the plaintiff, two of the defendant officers used excessive and unnecessary force in violation of the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States.

22. As a direct and proximate result of this illegal arrest, excessive force, and unlawful search, the plaintiff has suffered extensive damages, including but not limited to: severe physical and emotional harm, medical and other out of pocket costs, and other damages which will be proven at trial.

WHEREFORE, plaintiff Delgado prays judgment against the defendants in a fair and just amount sufficient to compensate him for the injuries suffered, plus, plaintiff Delgado seeks a substantial sum in punitive damages against each of the defendant officers, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### **Count II—Battery**

23. The plaintiff re-alleges paragraphs 1 through 17 as if fully repleaded herein.

24. Jurisdiction of this court is pursuant to its supplemental jurisdiction under title 28 United States Code §1367.

25. Two of the defendant officers maliciously, willfully, wantonly, and without lawful justification or authority caused violent physical contact to the plaintiff. Additionally, these defendant officers knew with reasonable certainty that their actions would cause the plaintiff physical harm.

26. The officers acted as employees of defendant City of Chicago and within the scope of their employment when he forced the plaintiff into the house, beat and punched him repeatedly about the face and body, threw him to the corner of the room, and forcefully handcuffed him, without provocation given by the plaintiff.

27. The plaintiff suffered injuries as a result of said intentional battery including acute bruising and swelling of his head and side, a severe nosebleed, and a black eye.

WHEREFORE, plaintiff Delgado prays judgment against the defendants in a fair and just amount sufficient to compensate him for the injuries suffered, plus, plaintiff Delgado seeks a substantial sum in punitive damages against each of the defendant officers, costs

and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count III—False Arrest

28. The plaintiff re-alleges paragraphs 1 through 17 as if fully repleaded herein.

29. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28 United States Code §1367.

30. The arrest and detention of plaintiff Delgado was caused by the defendants without any warrant, without authority of the law, without any reasonable cause or belief that plaintiff Delgado was in fact guilty of a crime, without exigent circumstances, and without any other legal justification.

31. The defendant officers were acting within the scope of their employment and within the rules and customs of the Chicago Police Department when they falsely arrested the plaintiff under color of state law.

WHEREFORE, plaintiff Delgado prays judgment against the defendants in a fair and just amount sufficient to compensate him for the injuries suffered, plus, plaintiff Delgado seeks a substantial sum in punitive damages against each of the defendant officers, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count IV – Intentional Infliction of Emotional Distress

32. The plaintiff re-alleges paragraphs 1 through 17 as if fully repleaded herein.

33. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28 United States Code §1367.

6

34. The defendant officers' detention, battery, and unlawful search and seizure of the plaintiff were committed with intentional disregard for the plaintiff's innocence, and amount to extreme and outrageous conduct against the plaintiff.

35. The defendant officers intended to inflict severe emotional distress upon the plaintiff and knew that there was a high probability that their conduct would cause the plaintiff severe emotional distress and mental anguish.

36. The defendants handcuffed and arrested the plaintiff in full view of his peers, causing him embarrassment and humiliation. The defendants intentionally instilled fear and terror into the mind of the plaintiff by forcefully arresting him and beating him without lawful justification and without reason to believe he had committed a crime.

37. One of the defendant officers caused the plaintiff further severe emotional harm by taunting the plaintiff after being beaten, and taking a picture of the plaintiff for his own amusement.

38. As a direct and proximate result of the defendant officers' malicious, outrageous, willful, and wanton conduct, the plaintiff has suffered extensive damages, including but not limited to: severe physical and emotional harm, medical and other out-of-pocket costs and other damages which will be proven at trial.

WHEREFORE, plaintiff Delgado prays judgment against the defendants in a fair and just amount sufficient to compensate him for the injuries suffered, plus, plaintiff Delgado seeks a substantial sum in punitive damages against each of the defendant officers, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

RAFAEL DELGADO
plaintiff,


By    /s/ Jeffrey B. Granich
       His Attorney
       Jeffrey B. Granich

Jeffrey B. Granich
53 W. Jackson Blvd.
Suite 840
Chicago, IL 60604
Atty No. 29445
(312) 939-9009

8