# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RAFAEL DELGADO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05 C 7176 |
| vs. | ) | |
| | ) | |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, CHICAGO | ) | Judge Manning |
| POLICE OFFICER RON NORWAY, | ) | |
| CHICAGO POLICE OFFICER MICHAEL | ) | |
| PARKER, and ONE UNKOWN CHICAGO | ) | |
| POLICE OFFICER | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS RON NORWAY AND MICHAEL PARKER'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S AMENDED COMPLAINT

Defendants, Ron Norway and Michael Parker ("Defendants"), by one of their attorneys, Mary S. McDonald, Assistant Corporation Counsel for the City of Chicago, for their Answer, Defenses and Jury Demand to Plaintiff's Amended Complaint, state the following:

### Jurisdiction

1. This complaint alleges violations of the plaintiff's rights under the fourth and fourteenth amendments to the United States Constitution and title 42, United States Code §1983; therefore jurisdiction of this court is invoked pursuant to title 28, United States Code §1331.

**ANSWER:** Defendants admit that plaintiff's complaint makes the above allegations and jurisdiction is invoked pursuant to 28 U.S.C. § 1331, but deny that any of their acts gave rise to the claims asserted herein.

2. This complaint alleges violations of plaintiff's rights under state law and jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28 United States Code §1367.

**ANSWER:** Defendants admit that plaintiff's complaint makes the above allegations and

jurisdiction is invoked pursuant to 28 U.S.C. § 1367, but deny that any of their acts gave rise to the claims asserted herein.

## Parties

3. At all times relevant hereto, the plaintiff was a 19-year-old Hispanic resident of Franklin Park, Illinois.

**ANSWER:** Upon information and belief, Defendants admit the allegations of this paragraph.

4. At all times relevant hereto, the defendant officers, Michael Parker ("Parker"), Ron Norway ("Norway") and one male, black individual whose name is currently not known to plaintiff, were police officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

**ANSWER:** Defendants admit that at all times relevant hereto Defendants were police officers for the City of Chicago and were acting under color of law and within the scope of their employment but deny that any of their actions gave rise to the claims asserted herein. Defendant Officers cannot answer on behalf of the unknown officers referred to in paragraph no. 4.

5. Defendant City of Chicago is a municipal corporation existing under the laws of Illinois.

**ANSWER:** Defendants admit the allegations of this paragraph.

## Venue

6. The violations alleged herein occurred in the Northern District of Illinois; therefore venue is proper in this district pursuant to title 28, United States Code §1391.

**ANSWER:** Defendants admit that venue is proper in this district pursuant to 28 U.S.C.§ 1391, but deny that any of their actions gave rise to the claims asserted herein.

## Factual Allegations

7. On the evening of August 3, 2005, at approximately 1:00PM, plaintiff Rafael Delgado was driving to his friend, Noe Semintal's house, 2438 Westbrook Dr., Franklin Park,

Illinois with two other people. At this time plaintiff Delgado was acting in full conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the city of Chicago.

**ANSWER:** Defendants admit that on August 3, 2005 at approximately 1:00 P.M. plaintiff was driving on or about 2438 Westbrook Dr. Franklin Park, Illinois. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

8. When the plaintiff arrived at his friend's home, he, the passengers of his car, and three friends convened in the front yard.

**ANSWER:** Defendants admit that plaintiff was in a yard at or about 2438 Westbrook Dr., Franklin Park with others. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

9. At this time, six marked and unmarked Chicago Police vehicles assembled outside Semintal's home. Approximately 8 defendant officers exited the vehicles and pointed guns in the plaintiff's direction.

**ANSWER:** Defendants admit that 10 Chicago Police Officers who arrived in cars executed search warrant #05SW5984 at 2438 Westbrook Dr., Franklin Park, Illinois and that during the execution of the warrant they exited their vehicle secured with guns drawn and secured the area.

10. The defendant officers ordered everyone to put their hands up and lie on the ground. The plaintiff and his friends complied.

**ANSWER:** Defendants admit the allegations of this paragraph.

11. At this time, one of the defendant officers grabbed the plaintiff and pulled him inside the house and into a bedroom where defendant officer Norway was waiting. The plaintiff informed the defendant officers that he did not live at this address and the officers responded by beating him about the head and body with excessive and unnecessary force and calling him a "Gangbanging motherfucker."

**ANSWER:** Defendant Norway admits that he used the term "gangbanging" but defendants deny the remaining allegations of this paragraph.

12. After one minute, the defendant officers pulled the plaintiff off of the bed and said "Now you've learned your lesson," and punched him in the head again.

**ANSWER:** Defendants deny the allegations of this paragraph.

13. The defendant officers then threw the plaintiff in the corner of the room and told him to clean up his blood with a towel.

**ANSWER:** Defendants deny the allegations of this paragraph.

14. At this time the defendant officers grabbed the plaintiff, illegally searched him and put him in handcuffs, and led him outside where his friends were still lying on the ground.

**ANSWER:** Defendants admit that plaintiff was handcuffed but deny the remaining allegations of this paragraph.

15. Defendant officer Parker, who had not been in the bedroom with the plaintiff, taunted the plaintiff saying, "Let me take a picture of that pumpkin head," and took a picture of the plaintiff with a cellular phone camera.[1]

**ANSWER:** Defendants deny the allegations of this paragraph.

16. The defendant officers then took off everyone's handcuffs and threatened the plaintiff with further violence if anyone were to get off the ground before all of the officers were gone. No arrest of the defendant or anyone else present at the scene was made.

**ANSWER:** Defendants admit that everyone's handcuffs were removed, that everyone was instructed to stay on the ground until the officers were gone and that no arrests were made on the date in question. Defendants deny the remaining allegations of this paragraph.

17. The defendant officers, acting under color of law by virtue of their positions as Chicago Police Officers, in violation of the plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution wrongfully and unreasonably seized, battered, searched, and arrested plaintiff Delgado.

**ANSWER:** Defendants deny the allegations of this paragraph.

---

[1] "Pumpkin head" is a slang term referring to one's head swollen in such a way that it resembles a pumpkin.

## Count 1-42 U.S.C. $1983

18. Plaintiff Delgado re-alleges paragraphs 1 through 17 as if fully repleaded herein.

**ANSWER:** Defendants answers to paragraph 1 through 17 of plaintiff's amended complaint are incorporated by reference as though fully set forth.

19. On August 3, 2005, the defendant officers arrested the plaintiff without a warrant and without probable cause. This arrest was in violation of the plaintiffs rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:** Defendants admit that plaintiff was seized in their official capacity as law enforcement officers, under color of state law, and within the scope of their employment. Defendants deny the remaining allegations of this paragraph.

20. The defendants used excessive physical force against the plaintiff and unlawfully and maliciously arrested him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

**ANSWER:** Defendants admit that plaintiff was seized in their official capacity as law enforcement officers, under color of state law, and within the scope of their employment. Defendants deny the remaining allegations of this paragraph.

21. During the arrest of the plaintiff, two of the defendant officers used excessive and unnecessary force in violation of the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:** Defendants deny the allegations of this paragraph.

22. As a direct and proximate result of this illegal arrest, excessive force, and unlawful search, the plaintiff has suffered extensive damages, including but not limited to: severe physical and emotional harm, medical and other out of pocket costs, and other damages which will be proven at trial.

**ANSWER:** Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants respectfully requests that judgment be entered in their favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems

necessary and proper.

## Count II-Battery

23. The plaintiff re-alleges paragraphs 1 through 17 as if fully repleaded herein.

**ANSWER:** Defendants answers to paragraph 1 through 17 of plaintiff's amended complaint are incorporated by reference as though fully set forth.

24. Jurisdiction of this court is pursuant to its supplemental jurisdiction under title 28 United States Code §1367.

**ANSWER:** Defendants admit that jurisdiction is invoked pursuant to 28 U.S.C. § 1367 but deny that any of their acts gave rise to the claims asserted herein.

25. Two of the defendant officers maliciously, willfully, wantonly, and without lawful justification or authority caused violent physical contact to the plaintiff. Additionally, these defendant officers knew with reasonable certainty that their actions would cause the plaintiff physical harm.

**ANSWER:** Defendants deny the allegations of this paragraph.

26. The officers acted as employees of defendant City of Chicago and within the scope of their employment when he forced the plaintiff into the house, beat and punched him repeatedly about the face and body, threw him to the corner of the room, and forcefully handcuffed him, without provocation given by the plaintiff.

**ANSWER:** Defendants admit that at all times relevant to this lawsuit they were employees of defendant City of Chicago and within the scope of their employment. Defendant deny the remaining allegations of this paragraph.

27. The plaintiff suffered injuries as a result of said intentional battery including acute bruising and swelling of his head and side, a severe nosebleed, and a black eye.

**ANSWER:** Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants respectfully requests that judgment be entered in their favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems

necessary and proper.

## Count III-False Arrest

28. The plaintiff re-alleges paragraphs 1 through 17 as if fully repleaded herein.

**ANSWER:** Defendants answers to paragraph 1 through 17 of plaintiff's amended complaint are incorporated by reference as though fully set forth.

29. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28 United States Code §1367.

**ANSWER:** Defendants admit that jurisdiction is invoked pursuant to 28 U.S.C. § 1367, but deny that any of their acts gave rise to the claims asserted herein.

30. The arrest and detention of plaintiff Delgado was caused by the defendants without any warrant, without authority of the law, without any reasonable cause or belief that plaintiff Delgado was in fact guilty of a crime, without exigent circumstances, and without any other legal justification.

**ANSWER:** Defendants deny the allegations of this paragraph.

31. The defendant officers were acting within the scope of their employment and within the rules and customs of the Chicago Police Department when they falsely arrested the plaintiff under color of state law.

**ANSWER:** Defendants admit that at all times relevant to this lawsuit they were acting within the scope of their employment and within the written rules and customs of the Chicago Police Department. Defendants deny the remaining allegations of this paragraph.

WHEREFORE, Defendants respectfully requests that judgment be entered in their favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## Count IV - Intentional Infliction of Emotional Distress

32. The plaintiff re-alleges paragraphs 1 through 17 as if fully repleaded herein.

**ANSWER:** Defendants answers to paragraph 1 through 17 of plaintiff's amended complaint are incorporated by reference as though fully set forth.

33. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28 United States Code § 1367.

**ANSWER:** Defendants admit that jurisdiction is invoked pursuant to 28 U.S.C. § 1367, but deny that any of their acts gave rise to the claims asserted herein.

34. The defendant officers' detention, battery, and unlawful search and seizure of the plaintiff were committed with intentional disregard for the plaintiff's innocence, and amount to extreme and outrageous conduct against the plaintiff.

**ANSWER:** Defendants deny the allegations of this paragraph.

35. The defendant officers intended to inflict severe emotional distress upon the plaintiff and knew that there was a high probability that their conduct would cause the plaintiff severe emotional distress and mental anguish.

**ANSWER:** Defendants deny the allegations of this paragraph.

36. The defendants handcuffed and arrested the plaintiff in full view of his peers, causing him embarrassment and humiliation. The defendants intentionally instilled fear and terror into the mind of the plaintiff by forcefully arresting him and beating him without lawful justification and without reason to believe he had committed a crime.

**ANSWER:** Defendants admit that plaintiff was handcuffed, but deny the remaining allegations of this paragraph.

37. One of the defendant officers caused the plaintiff further severe emotional harm by taunting the plaintiff after being beaten, and taking a picture of the plaintiff for his own amusement.

**ANSWER:** Defendants deny the allegations of this paragraph.

38. As a direct and proximate result of the defendant officers' malicious, outrageous, willful, and wanton conduct, the plaintiff has suffered extensive damages, including but not limited to: severe physical and emotional harm, medical and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:** Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants respectfully requests that judgment be entered in their favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## AFFIRMATIVE DEFENSES

1. As to all federal claims, at all times during the events alleged in Plaintiff's Complaint, a reasonable police officer, objectively viewing the facts and circumstances confronting him during the incident which allegedly provides the basis for the present case, would have reasonably believed that the actions taken by them were objectively reasonable and were within constitutional limits that were clearly established at the time. Defendant is, therefore, entitled to qualified immunity.

2. To the extent that any defendant was working as a police officer, he was acting in the execution and enforcement of the law. The actions of these officers were not willful or wanton. Therefore, Defendants are immune from liability for the claims alleged because public employees are not liable for their acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202 (2000).

3. To the extent that any individual defendant was a public employee serving in a position involving the determination of policy or the exercise of discretion he is not liable for any of the claims alleged. 745 ILCS 10/2-201 (2000).

4. Defendants are not liable for any of Plaintiffs' alleged claims because they are public employees who were acting within the scope of their employment and, as such, Defendant is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

5. Under Illinois law, the defendants are not liable to plaintiff because Defendants

use of force in seizing plaintiff was justified under 720 ILCS 5/7-5 (2002).

6. To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

7. To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or wrongful conduct on the part of the plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed by the jury in this case.

8. With respect to any wrongful acts alleged by Plaintiff that occurred while any Defendant was not present, those Defendants, cannot be liable. Under the Illinois Tort immunity law, Defendants are not liable for any of Plaintiff's alleged claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2002).

9. Under the Illinois Tort Immunity law, Defendants are not liable for injuries caused by instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208 (2002). Did not act maliciously and without probable cause.

## 12(b)(6) DEFENSES

Defendants move to strike the claim for punitive damages in that an award for punitive damages would deprive Defendants of due process of law under the Fifth and Fourteenth

Amendments of the United States Constitution where a) liability for punitive damages has not been proven beyond a reasonable doubt or clear and convincing evidence; b) the award for punitive damages is disproportionate to actual damages.

## JURY DEMAND

Defendant requests a trial by jury.

Respectfully submitted,

*/s/ Mary S. McDonald*
MARY S. McDONALD
Assistant Corporation Counsel

30 N. LaSalle Street,
Suite 1400
Chicago, Illinois 60602
(312) 744-8307
(312) 744-6566 (Fax)
Atty. No. 06199995